IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal Action No. 2:18-CR-018-D(02) |
| VS. § | |
| § | |
| ARRON JAMEL LEWIS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Arron Jamel Lewis ("Lewis") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on alleged extraordinary and compelling reasons. For the reasons that follow, the court denies the motion.

I

Lewis pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). On September 10, 2018 the court sentenced him to 168 months' imprisonment, to be followed by 4 years of supervised release.

On June 8, 2020 Lewis filed a motion for compassionate release under the Second Chance Act of 2007, the First Step Act, and the CARES Act, and to reduce term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic. The court on June 9, 2020 denied Lewis' motion and also denied his subsequent motion for reconsideration.

On January 16, 2024 Lewis filed a motion to reduce sentence under United States

Sentencing Guideline Amendment 821. The court granted Lewis' motion and reduced his sentence to 151 months. On February 10, 2025 Lewis filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), using form AO 250.[1]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district

---

[1]Lewis filed the motion on February 10, 2025. That same day, the court ordered the government to file a response to Lewis' motion, which it did on February 26, 2025. Lewis' reply, had he opted to file one, was due on March 24, 2025. Lewis' motion is now ripe for decision.

[2]In his motion, Lewis contends that he submitted a request for compassionate release to the warden of his facility on September 4, 2024 and that he did not receive a response. Because doing so does not change the outcome in the decision on Lewis' motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

In his motion, Lewis has checked the boxes for compassionate release based on the following extraordinary and compelling reasons:

> I am suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which I am at risk of serious deterioration in health or death. *See* [U.S.S.G.] § 1B1.13(b)(1)(C).
>
> There is another circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above. *See* § 1B1.13(b)(5).

D. Mot. 5. He also contends, *inter alia*, that he has programmed and rehabilitated on an exceptional level; he has been recommended for "conditional release to community" on August 20, 2024, but has been denied halfway housing because there is no bed space; he has been denied home confinement because monitoring is not available; dental visits are unavailable unless it is an emergency; his visits to the oncologist are off schedule and he is only permitted to go if it is "in the budget," *id.* at 7; and three of his sons will be graduating from high school in May 2025.

The court finds that Lewis' allegation that his "visits to the oncologist are very off schedule and I only go if it's 'in the budget,'" *id.*, is insufficient to show extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(1)(C). Guideline 1B1.13(b)(1)(C) requires

a showing that the defendant "is suffering from (1) a medical condition (2) that requires long-term or specialized medical care (3) that is not being provided and (4) without which [he] is at risk of death or serious deterioration in [his] health." *United States v. Hamilton*, 2024 WL 4052336, at *5 (S.D. Tex. Aug. 19, 2024). "This subcategory focuses on the lack of resources and medical care available in some correctional facilities. Courts have rejected as insufficient general complaints about long-term issues without medical proof of the condition or how it is deteriorating." *United States v. Alfaro*, 2025 WL 283220, at *4 (E.D. Tex. Jan. 23, 2025).

In its response, the government contends that Lewis had testicular cancer (Seminoma) in April 2015, which resulted in the removal of his left testicle; that Lewis' medical records show that his condition is "clinically in remission" and he is "clinically asymptomatic"; that Lewis' medical records also show a consistent pattern of visits to Dr. Tariq Mahmood ("Dr. Mahmood"), with six-month or one-year follow-up appointments; that Lewis saw Dr. Mahmood on February 29 and November 19, 2024 and progress notes from those visits state that Lewis is "clinically asymptomatic" and "clinically in remission"; and that

> Lewis fails to demonstrate three of the four requirements for relief under USSG § 1B1.13(b)(1)(C). He is not now suffering from a medical condition. Lewis has a history of testicular cancer, but it is in remission. While his condition arguably requires long-term or specialized care, he is receiving it. He is being regularly seen and monitored by Dr. Mahmood, an oncologist. Finally, Lewis fails to make any showing that his condition is deteriorating. To the contrary, his condition has been stable since at least 2022. Accordingly, his medical condition does not present extraordinary and compelling reasons.

Gov't Resp. (ECF No. 105) at 8.  The court agrees and finds that Lewis has not demonstrated extraordinary and compelling reasons for his release based on his current medical conditions. Nor has he sufficiently demonstrated that the other reasons he lists in his motion, either alone or in combination, constitute extraordinary and compelling reasons.

Accordingly, the court finds that Lewis has failed to identify extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).

IV

But even if Lewis *had* demonstrated extraordinary and compelling reasons for compassionate release, the court would nevertheless deny his motion after considering the § 3553(a) factors.

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021

WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Lewis is currently serving a 151-month sentence (which has already been reduced) for possession with intent to distribute methamphetamine, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, Lewis fell into criminal history category III based on prior offenses including for possession of a controlled substance in a Drug Free Zone and two separate instances of assault. He committed the offense of conviction while on parole. Lewis is not eligible for release from prison until November 3, 2027. If the court grants his motion, it will be ordering him released more than *2½ years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed (and later reduced) is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Lewis' sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, Lewis' February 10, 2025 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

March 28, 2025.

                                                           _____
                                                           SIDNEY A. FITZWATER
                                                           SENIOR JUDGE